```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

SUNTRUST BANK,

             Plaintiff,
v.                                Case No. 8:11-cv-907-T-33AEP

DANNY R. TUNNELL, JR A/K/A
DANNY REECE TUNNELL, JR A/K/A
DANNY R. TUNNELL A/K/A
DANNY TUNNELL A/K/A
DANNY R. SOUSA A/K/A
DANNY SOUSA,

             Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Plaintiff SunTrust Bank's Second Motion for Final Default Judgment (Doc. # 13), which was filed on August 16, 2011. For the reasons that follow, the Court grants the Motion.

**I.   Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise

1

appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On April 26, 2011, SunTrust Bank filed suit for breach of an instrument in the amount of $135,850.00 executed by the Defendant. (Doc. # 1). SunTrust Bank attached the executed instrument to the complaint. (Doc. # 1-1). In the complaint, SunTrust Bank alleged that it is the owner of the instrument, and that the Defendant failed to make installment payments under the instrument. (Doc. # 1 at ¶ 6-7). SunTrust Bank further alleged that the Defendant is indebted to SunTrust Bank for the unpaid balance of the instrument plus interest,

attorneys' fees, costs, and other charges under the instrument. (Id. at ¶ 8).

SunTrust Bank effected service of process on the Defendant on May 28, 2011. (Doc. # 7). The Defendant failed to file a responsive pleading. On July 6, 2011, SunTrust Bank filed a motion for Clerk's default. (Doc. # 9). The Clerk entered a default as to the Defendant pursuant to Rule 55(a), Fed.R.Civ.P., on July 7, 2011. (Doc. # 10).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the complaint, the affidavit of non-military service, the affidavit regarding amounts due, and the Motion, the Court determines that the Motion is due to be granted and further determines that a hearing on this matter is not needed. SunTrust Bank is entitled to a judgment against the Defendant for the sums due and owing on the instrument, which are capable of accurate and ready mathematical computation or ascertainment from the face of the instrument and the affidavits filed by SunTrust Bank in support of the motion for default judgment.

Specifically, Nancy Johnson, a Consumer Finance Officer of SunTrust Bank, states that the current amount due and owing to SunTrust Bank under the aforementioned instrument is $135,836.89. (Doc. # 13-1 at ¶ 5). Accordingly, the Court

3

directs the clerk to enter a final default judgment against the Defendant and in favor of SunTrust Bank in the amount of $135,836.89.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff SunTrust Bank's Second Motion for Final Default Judgment (Doc. # 13) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of SunTrust Bank and against the Defendant in the amount of $135,836.89. The Clerk shall thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of August, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

4